Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
440 N. Barranca Ave., #1228
Covina, CA 91723
phone 310 928 1277

Jane M. Braugh (CSB # 214425)
jane@parmet.law
**PARMET PC**
490 S. Fair Oaks Ave.
Pasadena, CA 91105
phone 310 928 1277

James E. Goodley*
Ryan P. McCarthy*
**GOODLEY MCCARTHY LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

**Attorneys for Plaintiff**

*Pro Hac Vice Application to be Filed*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LILIBETH FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE TOX CORPORATION; COURTNEY YEAGER; and RYAN YEAGER,<br><br>Defendants. | Case No. 2:22-cv-09079<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. Failure to pay minimum wages (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to pay minimum wages (N.Y. LAB. LAW §§ 652, 663)<br>3. Wage Notice and Statement Penalties (N.Y. LAB. LAW § 198)<br>4. Retaliatory Termination (N.Y. LAB. LAW § 215)<br>5. Retaliatory Termination (N.Y. LAB. LAW § 740) |

Plaintiff Lilibeth Fernandez ("Fernandez" or "Plaintiff"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint against The Tox Corporation, d/b/a Tox Holding Corporation ("Tox"), Courtney Yeager ("Courtney") and Ryan Yeager ("Ryan") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New York Labor Law, Art. 6 ("NYLL").

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arising under state law are proper under 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants are headquartered in this District. The events giving rise to Plaintiff's claims occurred within this District, and Defendants conduct business in this District.

## PARTIES

3. Plaintiff Fernandez is an individual currently residing in New York, New York. She was employed by Defendants as a Technician from on or about September 6, 2022 through on or about September 26, 2022, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. Ex. 1.

4. Defendant Tox is a California corporation headquartered in Los Angeles County, California, and operating nationwide. Tox operates 12 Lymphatic Body and Facial Massage establishments throughout the United States, including four in California and three in New York City.

5. Defendant Courtney Yeager ("Courtney") is natural person residing in Los Angeles County, California.

6. Defendant Ryan Yeager ("Ryan") (jointly with Courtney Yeager, "Individual

Defendants") is a natural person residing in Los Angeles County, California.

7. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Defendants' annual gross volume of business exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

9. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential opt-in litigants:

> All current or former Technicians and Estheticians who performed work in the United States for The Tox Corporation or any of its affiliates within the past three years and who were not paid for training time (the "FLSA Collective" or "Technicians").

10. Plaintiff brings Counts II and III of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and the following opt-out class of litigants:

> All current or former Technicians and Estheticians who performed work in New York for The Tox Corporation or any of its affiliates within the past six years and who were not paid for training time (the "New York Class").

11. Plaintiff alternately brings Counts II and III of this lawsuit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367 on behalf of those New York Class Members who elect to join this case as opt-in plaintiffs. See, e.g., *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 580 (6th Cir. 2009), *rev'd on other grounds*, 577 U.S. 153 (2016) ("[I]f a FLSA lead plaintiff also brings supplemental state claims and then seeks certification as a collective action, a district court evaluates whether the opt-in plaintiffs are "similarly situated" under 29 U.S.C. § 216(b)."); *Ramirez-Marin v. JD Classic Builders Corp.*, No. 16-CV-05584 (DLI) (RER), 2017 U.S. Dist. LEXIS 86891, at *14-15 (E.D.N.Y. June 5, 2017) (same).

12. Plaintiff reserves the right to redefine the Collective or Classes prior to notice or certification, and thereafter, as necessary.

## FACTS

13. Defendant Tox provides its customers Lymphatic Body and Facial Massages and sells related products for at-home use. Tox describes itself as follows:

> THE TOX IS FIRST EVER…. WAIT THERE'S NOTHING TO COMPARE US TO!
>
> It's the cheat meal, the week of no sleep, last winter's never ending virus, the six margaritas with your girls, the fast food runs, the stress hormones, the hydrogenated oils, the allergens, the unavoidable chemicals that pollute our lives, and the residual metabolic waste weighing us down. All of the daily factors keeping us from our highest potential, and it's time to get that $h!# out!
>
> The Tox Technique is a unique blend of body work that works directly with your lymphatic and digestive system to detoxify the body and mind.
>
> A healthy body is a beautiful body.
>
> Healthy is beautiful.

See https://www.thetoxtechnique.com/the-tox-technique (last accessed 10/12/2022).

14. Defendant Tox employs Technicians and Estheticians (jointly "Technicians") such as Plaintiff Fernandez to provide these services to its clients.

### Unpaid Training

15. Defendant Tox requires Technicians to undergo an initial unpaid training of approximately 6-8 days (approximately 40-75 hours) over the course of two weeks. At the training, Technicians are taught how to perform services.

16. Tox's training is centralized in that in New York City, one training is held periodically in New York City to train Technicians which will work at any of the three New York City locations.

17. Other centralized unpaid training sessions of similar duration are held throughout the United States, including at least in California and Texas. These training sessions cover Technicians who are assigned to work at all locations in California, Texas and elsewhere in the United States.

18. Tox's training is personally conducted by Defendant Courtney and other staff. Defendant Courtney coordinates all Tox training everywhere in the United States.

### Clock-in/Clock-out Procedures and Time Shaving

19. After training is complete, Defendant Tox pays its Technicians on an hourly basis, plus commissions from massage bookings.

20. Defendant Tox's agents, including front desk staff at each locations clock Technicians in and out each working day.

21. If Tox and its agents determine that a particular Technician's massage bookings are too low in a given working day (i.e., the Technician is not directly serving clients and is instead performing side work such as cleaning the facility), Tox shaves part of the Technician's working time off of clock-in/clock-out records. This procedure results in Tox purposely failing to pay the Technician for all hours worked in a working day, in violation of the NYLL.

22. As one non-exclusive example, on or about September 22, 2022, Tox illegally clocked Plaintiff Fernandez out from 11:15 to 11:45 a.m., though she only took a 15-minute break and was cleaning for the other 15 minutes.

### **Individual Liability – Courtney Yeager**

23. At all relevant times, Courtney was a principal of, and owned an interest in Tox.

24. Courtney directed the work of Plaintiff and the Classes at Tox.

25. Courtney had the power to, and did, hire, fire and discipline Class Members at Tox.

26. As described herein, Courtney exercised supervisory authority over Plaintiff and the Classes. Furthermore, Courtney also exercised discretionary control over payroll decisions with respect to Plaintiff and the Classes. Thus, Courtney was also an employer within the meaning of the FLSA and the NYLL.

### **Individual Liability – Ryan Yeager**

27. At all relevant times, Ryan was a principal of, and owned an interest in Tox.

28. Ryan directed the work of Plaintiff and the Classes at Tox.

29. Ryan had the power to, and did, hire, fire and discipline Class Members at Tox.

30. As described herein, Ryan exercised supervisory authority over Plaintiff and the Classes. Furthermore, Ryan also exercised discretionary control over payroll decisions with respect to Plaintiff and the Classes. Thus, Ryan was also an employer within the meaning of the FLSA and the NYLL.

**Willfulness/Retaliation**

31. On our about Friday, September 23, 2022, Plaintiff Fernandez complained to Human Resources staff person Alyssa Edwards (who was responsible for clock-in/clock-out of Technicians) that her clock-in/clock-out times did not match her actual hours of work, as described in paragraph 22.

32. That same day, Courtney responded to Plaintiff that she was "speaking poorly about [clock-in/clock-out procedures] within the team," and that Courtney was "trying to avoid further tension within the staff."

33. On our about Monday, September 26, 2022, Plaintiff Fernandez received an email from Courtney stating that Plaintiff Fernandez' employment at Tox was terminated.

34. Plaintiff Fernandez was terminated in retaliation for her protected complaints about illegal time-shaving, in violations of the NYLL.

35. Defendants do not maintain accurate records of the actual hours that Technicians worked each workday and the total hours worked each workweek as required by the FLSA and the NYLL. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

36. Defendants knew that it was illegal to require Technicians to attend training without paying them at least the minimum wage for the training time.

37. Defendants also knew it was illegal to shave hours off of time records and therefore willfully refused to pay Technicians for all hours worked, in violation of the NYLL.

38. Defendants are a sophisticated national business and have access to knowledgeable human resource specialists and competent labor counsel.

39. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and NYLL provisions by failing to compensate Technicians with pay of at least $7.25 per hour, as required by 29 U.S.C. § 206(a) and by failing to pay Technicians for all hours worked in violation of the NYLL.

40. Defendants' conduct in terminating Plaintiff's employment in retaliation for her protected complaints about wages was willful, malicious and wanton.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

42. Plaintiff desires to pursue her claims on behalf of herself and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

43. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals were misclassified as independent contractors, worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated minimum wage. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

44. Specifically, Defendants paid Plaintiff and the FLSA Collective no wages whatsoever during weeks of training, and therefore failed to pay Plaintiff and the FLSA Collective at least the minimum wage required by 29 U.S.C. § 206(a).

45. The similarly situated employees are known to Defendants, are readily identifiable,

and may be located through Defendants' business and human resource records.

46. Defendants employ many FLSA Collective Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for minimum wage compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff Fernandez seeks to proceed as a class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of the New York Class.

48. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendant, upon information and belief, Defendant has employed over forty (40) class members in New York during the Class Period.

49. Among the proposed class, common questions of law and fact exist as to all New York Class Members and predominate over any questions that affect only individual New York Class Members. Those common questions include, but are not limited to:

   a) Whether Defendants paid New York Class Members at least the minimum wage under New York law;

   b) Whether Defendants issued New York Class Members at hire, written notices with the information required by NYLL § 195(1)(a); and

   c) Whether Defendants issued New York Class Members with each paycheck, an accurate statement conforming to the requirements of NYLL § 195(3).

50. Plaintiff Fernandez' claims are typical of those belonging to members of the New York Class in that: (1) Plaintiff Fernandez is a member of the New York Class; (2) Plaintiff

Fernandez' claims arise from the same practice or course of conduct that forms the basis of the New York Class claims; (3) Plaintiff Fernandez' claims are based upon the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (4) there is no antagonism between the interests of Plaintiff Fernandez and absent New York Class Members; and (5) the injuries that Plaintiff Fernandez suffered are similar to the injuries that New York Class Members suffered.

51. Plaintiff Fernandez will fairly and adequately represent the New York Class. There is no conflict between Plaintiff Fernandez' claims and those of other New York Class Members. Plaintiff Fernandez has retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation.

52. The New York Class is readily ascertainable from Defendant's own records.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, the damages suffered by individual New York Class Members may be relatively small and the expense and burden make it impracticable for New York Class Members to individually seek redress.

54. Plaintiff Fernandez knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT I**
**Minimum Wage Violation, 29 U.S.C. § 206(a)**
**(Plaintiff Fernandez and the FLSA Collective v. Defendants)**

55. Plaintiff incorporates all allegations set forth in paragraphs 1 through 54.

56. The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

57. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

58. At all relevant times, Defendants have each been an "employer" engaged in

interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. During all relevant times, Plaintiff and the FLSA Collective have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

60. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA. Plaintiff and the FLSA Collective are entitled to be paid for all hours worked at a rate of not less than $7.25 per hour, pursuant to 29 U.S.C. § 206(a)(1).

61. Defendants' compensation scheme, applicable to Plaintiff and the FLSA Collective, failed to comply with 29 U.S.C. § 206(a)(1).

62. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective for all hours worked at a rate of not less than $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1).

63. Defendants also failed to make, keep, and preserve records with respect to Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

64. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

65. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### MINIMUM WAGES AND UNPAID WAGES, NYLL §§ 652, 663
### (Plaintiff Fernandez and the New York Class v. Defendants)

66. Plaintiff incorporates all allegations set forth in paragraphs 1 through 54.

67. The New York Minimum Wage Act, NYLL §§ 652, sets the minimum wage in New York ranging from $9.00 per hour in the beginning of the New York Class Period (November 2016) up to $15.00 per hour, depending on the size of the employer and the County where the work was performed. Defendants are a "large employer" within the meaning of the NYLL.

68. The NYLL also empowers the New York State Commissioner of Labor to implement regulations entitling employees to overtime premium pay. *See generally Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 352-59 (E.D.N.Y. 2014).

69. At all relevant times as alleged herein, Plaintiff Fernandez and New York Class Members were employed by Defendants within the meaning of NYLL § 651(5).

70. During all relevant times, Plaintiff Fernandez and New York Class Members were covered employees of Defendants, and as such were entitled to the above-described NYLL protections.

71. In violation of the NYLL, Defendants failed to compensate Plaintiff Fernandez and New York Class Members for all hours worked, at least at the applicable state minimum wage.

72. Pursuant to NYLL § 663(1), employers such as Defendants who fail to pay an employee wages in conformance with the NYLL shall be liable to the employee for all unpaid wages, liquidated damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid wages.

**COUNT III**
**WAGE NOTICE AND STATEMENT PENALTIES, NYLL § 198**
**(Plaintiff Fernandez and the New York Class v. Defendants)**

73. Plaintiff incorporates all allegations set forth in paragraphs 1 through 54.

74. NYLL § 195(1)(a) requires that at time of hire, employers provide their employees a written notice of the employee's "regular hourly rate and overtime rate of pay." *Id*. Defendants

violated this requirement by failing to provide a notice with New York Class Members' minimum wage and <u>correct</u> regular hourly rate (not to drop below the state minimum wage).

75. NYLL § 195(3) requires that with each paycheck, employers provide employees with an accurate statement of "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id*. Defendants violated this requirement by failing to provide in each New York Class Members' paystubs, the state minimum wage, as well as overtime premium where overtime was worked.

76. NYLL § 198 empowers employees to sue their employers for violations of NYLL § 195(1)(a) (up to a maximum of $5,000 per employee) and for violations of NYLL § 195(3) (up to a maximum of $5,000 per employee).

77. Plaintiff Fernandez seeks on behalf of herself and New York Class Members, the maximum allowed penalties, plus attorney fees and costs.

## COUNT IV
## RETALIATORY TERMINATION, NYLL § 215
### (Plaintiff Fernandez v. Defendants)

78. Plaintiff incorporates all allegations set forth in paragraphs 1 through 54.

79. At all relevant times, Plaintiff Fernandez was employed by Defendants within the meaning of the NYLL.

80. NYLL § 215(1)(a) makes it illegal for an employer to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee…" for making complaints to their employer about practices the employee reasonably believes violates the NYLL.

81. Plaintiff Fernandez engaged in protected activity within the meaning of NYLL § 215 when she informed Tox that her time had been improperly shaved from company records and therefore she was underpaid.

82. Plaintiff Fernandez suffered an adverse employment action when she was fired by

Defendant Tox in retaliation for her protected complaints about wages.

83. Plaintiff's protected complaints were the direct and proximate cause of Defendants' purposeful termination of her employment.

84. Pursuant to NYLL § 215(2)(a), Plaintiff Fernandez is entitled to backpay, liquidated damages, front pay in lieu of reinstatement, and attorney fees and costs.

## COUNT V
### RETALIATORY TERMINATION, NYLL § 740
(Plaintiff Fernandez v. Defendants)

85. Plaintiff incorporates all allegations set forth in paragraphs 1 through 54.

86. At all relevant times, Plaintiff Fernandez was employed by Defendants within the meaning of the NYLL.

87. NYLL § 740(2) makes it illegal for an employer to "take any retaliatory personnel action against an employee because such employee … discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation…[or] objects to, or refuses to participate in any such activity, policy or practice." This section of course makes it illegal for an employer to take adverse action against an employee who makes complaints to their employer about practices the employee reasonably believes violates the NYLL.

88. Plaintiff Fernandez engaged in protected activity within the meaning of NYLL § 740 when she informed Tox that her time had been improperly shaved from company records and therefore she was underpaid.

89. Plaintiff Fernandez suffered an adverse employment action when she was fired by Defendant Tox in retaliation for her protected complaints about wages.

90. Plaintiff's protected complaints were the direct and proximate cause of Defendants' purposeful termination of her employment.

91. Pursuant to NYLL § 740(5), Plaintiff Fernandez is entitled to backpay, liquidated

damages, front pay in lieu of reinstatement, punitive damages, and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief individually and on behalf of all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. An order permitting the New York Class to proceed in its claims as a class action under Fed. R. Civ. P. 23;

d. Back pay damages (including unpaid minimum wage compensation) and prejudgment interest to the fullest extent permitted under the law;

e. Front pay in lieu of reinstatement;

f. Liquidated damages and penalties to the fullest extent permitted under the law;

g. Punitive damages under NYLL § 740;

h. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

i. Such other and further relief as this Court deems just and proper.

Dated: December 15, 2022

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
**Jane M. Braugh**
**PARMET PC**

**James E. Goodley**
**Ryan P. McCarthy**
**GOODLEY MCCARTHY LLC**

**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

---

**Matthew S. Parmet**