IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JS-6

LILIBETH FERNANDEZ, individually and on behalf of all persons similarly situated,

      Plaintiff(s),

v.

THE TOX CORPORATION, COURTNEY YEAGER and RYAN YEAGER,

      Defendants.

Case No.: 22-cv-09079-HDV-AFM
Class and Collective Action

[Assigned for All Purposes to the Honorable Hernan D. Vera]

Date of Hearing: April 3, 2025, 10:00 a.m.
Location of Hearing: CTRM 5B

[~~PROPOSED~~] ORDER

**AND NOW**, this 11th day of April, 2025, upon consideration of Plaintiff Lilibeth Fernandez' Unopposed Motion for Final Approval of Class Action Settlement and the hearing held in this Court on April 3, 2025, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** as follows:

1.     The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate under the standards set forth in Fed. R. Civ. P. 23(e)(2).

2.     For purposes of settlement the following "FLSA Collective" and "Rule 23 Class" is finally certified under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Fed. R. Civ. P 23(A), (b)(3) and (e)(2):

> All persons who are working or have performed work in the United States for The Tox Corporation, or any of its affiliates, since December 15, 2019, who were not paid for training time on their regular pay date, and who filed written consents to join this action pursuant to 29 U.S.C. § 216(b), and whose consents to join and claims have not been withdrawn or dismissed (the "FLSA Collective").

> All current or former Technicians and Estheticians who performed work in New York for The Tox Corporation or any of its affiliates since December 15, 2016, who were not paid for training time, and who have not objected to or requested to

PARMET PC

exclude themselves from the settlement (the "New York Class," and together with the FLSA Collective, the "Classes").

3.    The members of the New York Class are so numerous that joinder of all members is impracticable.

4.    There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members.

5.    The claims and defenses of Plaintiff Lilibeth Fernandez are typical of the claims and defenses of the New York Class.

6.    Plaintiff Lilibeth Fernandez will fairly and adequately protect the interests of the Classes and is therefore finally approved as representative of the FLSA Collective and Rule 23 Class.

7.    A $5,000.00 service award for Plaintiff is finally approved for her service to the Settlement Class.

8.    Goodley McCarthy LLC ("GM" or "Class Counsel") will fairly and adequately protect the interests of the Classes is therefore finally approved as Class Counsel for the Settlement Class.

9.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy under New York law.

10.     Class Counsel's attorney fees and litigation costs in the amount of $63,666.31 are finally approved.

11.    RG2 Claims Administration is finally approved as the Settlement Administrator.

12.    The Settlement Administrator's costs of claims administration are finally approved, in an amount not to exceed $16,831.00.

13.    This action is **DISMISSED WITH PREJUDICE**, subject to the Court

maintaining jurisdiction over enforcement of the settlement.

Date: 04/11/25

BY THE COURT:

Hernan D. Vera, U.S.D.J.